IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENIS J. STARR,                           )<br>                                                   )<br>        Plaintiff,                        )<br>                                                   )<br>    v.                                     )<br>                                                   )<br>PARAMOUNT EQUITY MORTGAGE,   )<br>INC.; WELLS FARGO BANK, N.A.;  )<br>AMERICAN HOME MORTGAGE       )<br>SERVICING, INC.; AMERICAN HOME)<br>MORTGAGE ACCEPTANCE, INC.;   )<br>AMERICAN HOME MORTGAGE       )<br>SECURITIES, LLC; and DOES 1-50,   )<br>                                                   )<br>        Defendants.                  )<br>_____)  | 1:12-CV-00205 AWI DLB<br><br>ORDER VACATING MARCH 19, 2012 HEARING DATE AND TAKING DEFENDANTS' MOTION TO DISMISS UNDER SUBMISSION<br><br>(Doc. 5)<br><br>ORDER DIRECTING PLAINTIFF TO FILE SUPPLEMENTAL BRIEFING BY MARCH 23, 2012<br><br>(Doc. 6) |

Currently pending before this Court is a motion to dismiss filed by Defendants American Home Mortgage Servicing, Inc., and Wells Fargo Bank N.A. ("Defendants"). See Court's Docket, Doc. No. 5. This motion is set for hearing on March 19, 2012, at 1:30 p.m. in Courtroom 2. Pursuant to Local Rule 78-230(c), Plaintiff was required to file either an opposition or a notice of non-opposition no later than March 5, 2012. On March 8, 2012, Plaintiff filed a motion to remand. See id. Doc. No. 6. Due to Plaintiff's failure to file a timely opposition or notice of non-opposition to Defendants' motion to dismiss, he is in violation of the Local Rules. Plaintiff is further not entitled to be heard at oral argument in opposition to the motion. The court has reviewed Defendants' motion and the applicable law, and has determined that the motion is suitable for decision without oral argument. See Local Rule 78-230(g). The

1  Court will therefore take the matter under submission.

2      Also pending is Plaintiff's motion to remand. Defendants have filed a reply to Plaintiff's motion. Id. at Doc. No. 7. The parties agree the operative pleading is Plaintiff's "2nd Amended Verified Complaint" (Doc. No. 1 at 24-68) (the "SAC"), erroneously referred to as the "First Amended Complaint" in Defendants' Notice of Removal. See id. The third and fourth causes of action in the SAC assert violations of the federal Truth in Lending Act ("TILA"), 15 U.S.C. §1605, et seq.; and the federal Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §2601 et seq. The SAC seeks remedies for these alleged violations including rescission, statutory damages, and equitable relief. In the moving papers, however, Plaintiff asserts that "it does not appear on the face of Plaintiff's Second Amended Complaint that his claims are predicated on TILA" and "there is no federal RESPA claim presented on the face of Plaintiff's complaint, so removal based on federal question jurisdiction is improper." See Court's Docket, Doc. No. 6.

    Accordingly, IT IS HEREBY ORDERED that:

1. The previously set hearing date of March 19, 2012, is VACATED, and the parties shall not appear at that time. As of March 19, 2012, the Court will take Defendants' motion to dismiss under submission and will thereafter issue its decision;

2. On or before March 23, 2012, Plaintiff SHALL file supplemental briefing to clarify whether he is asserting claims for relief under TILA and/or RESPA; and

3. Plaintiff is forewarned that if he fails to respond by March 23, 2012, the Court will deem Plaintiff to have abandoned his federal claims, and will therefore strike the third and fourth causes of action from the SAC.

IT IS SO ORDERED.

Dated:   March 15, 2012

                                CHIEF UNITED STATES DISTRICT JUDGE