IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENIS J. STARR,                              ) | 1:12-CV-00205 AWI DLB |
|                                              ) | |
|             Plaintiff,                       ) | ORDER DISMISSING |
|                                              ) | FEDERAL CLAIMS AND |
|       v.                                     ) | REMANDING REMAINING |
|                                              ) | STATE LAW CLAIMS |
| PARAMOUNT EQUITY MORTGAGE,    ) | |
| INC.; WELLS FARGO BANK, NA;                  ) | (Docs. 5, 6) |
| AMERICAN HOME MORTGAGE                       ) | |
| SERVICING, INC.; AMERICAN HOME) | |
| MORTGAGE ACCEPTANCE, INC.;                   ) | |
| AMERICAN HOME MORTGAGE                       ) | |
| SECURITIES, LLC; OPTION ONE                  ) | |
| MORTGAGE; ALLIANCE TITLE and   ) | |
| DOES 1-50,                                   ) | |
|                                              ) | |
|             Defendants.                      ) | |
|                                              ) | |

**INTRODUCTION**

This case was removed from the Stanislaus County Superior Court on the basis of federal question jurisdiction. The case arises out of a mortgage loan transaction. Plaintiff brings suit against various entities, including Defendants American Home Mortgage Servicing, Inc., and Wells Fargo Bank N.A., as trustee for Option One Mortgage Loan Trust, 2007-FXD2 Asset-Backed Certificates, Series 2007-FXD2 (erroneously sued as Wells Fargo Bank, NA)

("Defendants").[1]  The parties agree the operative pleading is Plaintiff's "2nd Amended Verified Complaint" (Doc. No. 1 at 24-68) (the "SAC"), erroneously referred to as the "First Amended Complaint" in Defendants' Notice of Removal.  Plaintiff seeks declaratory and injunctive relief and alleges violations of state and federal law.  Defendants have filed a Rule 12(b)(6) motion to dismiss.  See Court's Docket, Doc. No. 5.  Plaintiff has filed a motion to remand.  See id. at Doc. No. 6.  For the reasons stated herein, the Court will dismiss the federal claims and remand the remaining state law claims.

## BACKGROUND[2]

Plaintiff and his wife obtained a loan from Paramount Equity Home Mortgage, Inc., secured by a deed of trust on real property located at 4600 Idaho Rd. in Turlock, California.  See Court's Docket, Doc. No. 5-1, Ex. A; SAC ¶ 19.  Immediately thereafter, the beneficial interest in the deed of trust was assigned to Option One Mortgage Corporation.  See Doc. No. 5-1, Ex. B; SAC ¶ 24.  In April 2009, after Plaintiff attempted unsuccessfully to obtain a loan modification, a notice of default was recorded showing $18,047.20 in arrears.  See Doc. No. 5-1, Ex. C; SAC ¶ 25, Ex. C.  In May 2009, the beneficial interest in the deed of trust was assigned to Wells Fargo Bank, N.A.  See Doc. No. 5-1, Ex. D; SAC ¶ 26, Ex. D.  On July 24, 2009, a notice of trustee's

---

[1] Defendant American Home Mortgage Servicing, Inc. is the servicer of the loan. Defendant Wells Fargo Bank, NA, is the assignee of the beneficial interest in the deed of trust. In the Notice of Removal, Defendants stated they were "unaware if any other named defendant to the Action has received or been served with either the Original Complaint or the FAC [sic] in this action.  However, none of the named defendants have appeared in this Action or responded to either the Complaint or the FAC [sic]."

[2] The facts stated herein are taken from the SAC and Defendants' request for judicial notice.  The subjects of the request are documents that have been recorded in the Stanislaus County recorder's office and include: the deed of trust; an assignment of deed of trust recorded on May 16, 2007; a notice of default; an assignment of deed of trust recorded on May 29, 2009; a substitution of trustee recorded on July 24, 2009; a notice of trustee's sale recorded on July 24, 2009; and a notice of rescission recorded on December 3, 2009.  Plaintiff does not object to the request for judicial notice.  Public documents are the proper subject of judicial notice.  See Fed. R. Evid. 201(b); MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir.1986); Fortaleza v. PNC Fin. Serv. Grp., Inc., 642 F.Supp.2d 1012, 1019 (N.D.Cal.2009). The Court therefore grants Defendants' request.

sale was recorded.  See Doc. No. 5-1, Ex. F.  Thereafter, due to the approval of a loan modification, on December 3, 2009, the notice of default and notice of trustee's sale were rescinded.  See Doc. No. 5-1, Ex. G.

On August 19, 2011 Plaintiff filed suit against Defendants in the Stanislaus County Superior Court, alleging one quiet title cause of action.  See Court's Docket, Doc. No. 6.  The initial pleading was filed, but not served on any Defendant.  Id.  Plaintiff filed an Amended Complaint on October 4, 2011, against all of the Defendants herein, again alleging a single quiet title cause of action.  Id.  The superior court sustained Defendants' demurrer to the Amended Complaint, and Plaintiff filed the SAC on December 23, 2011.  The SAC added causes of action for violation of California Civil Code § 2923.5; wrongful foreclosure; violation of the federal Truth in Lending Act ("TILA"), 15 U.S.C. §1605, et seq.; violation of the federal Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §2601 et seq.; and declaratory and injunctive relief.  Defendants removed the action to this Court on February 13, 2012.  See Court's Docket, Doc. No. 1.  On February 17, 2012, Defendants filed the instant motion to dismiss.  See id. at Doc. No. 5.

Instead of responding to Defendants' motion to dismiss, on March 8, 2012, Plaintiff filed a motion to remand the case to state court, seeking attorney's fees and costs.  See id. at Doc. No. 6.  Although the SAC seeks remedies for alleged violations of TILA and RESPA, Plaintiff asserts in his motion to remand that "it does not appear on the face of Plaintiff's Second Amended Complaint that his claims are predicated on TILA" and "there is no federal RESPA claim presented on the face of Plaintiff's complaint, so removal based on federal question jurisdiction is improper."  See Court's Docket, Doc. No. 6.  On March 16, 2012, the Court issued an Order directing Plaintiff to file supplemental briefing to clarify whether he intended to pursue his federal claims.  Id. at Doc. No. 8.  Plaintiff responded that he "abandons his federal claims for relief under TILA and RESPA and, therefore, only state law claims remain," but requested that the Court remand the entire case "including the TILA and RESPA claims."  Id. at Doc. No. 9 at

3

4.  Defendants oppose the motion to remand.  Id. at Doc. No. 10.

## DISCUSSION

A.  <u>Federal Claims</u>

It is well-established that a "plaintiff is 'the master of his complaint' and may 'avoid federal jurisdiction by relying exclusively on state law.'" <u>Hunter v. Philip Morris USA</u>, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting <u>Balcorta v. Twentieth Century-Fox Film Corp.</u>, 208 F.3d 1102, 1106 (9th Cir. 2000)).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447.  Here, Plaintiff states unequivocally that he "ABANDONS HIS CLAIMS FOR RELIEF UNDER BOTH TILA AND RESPA. ONLY STATE LAW CLAIMS REMAIN." <u>See</u> Doc. No. 9 at 4.  Plaintiff contends there is no "substantial federal question" presented by the complaint because neither TILA nor RESPA is a "necessary element" of his state law claims.  Defendants do not dispute this, but instead argue that Plaintiff does not intend to abandon his federal claims because he has requested that the Court remand the entire case, specifically including the TILA and RESPA claims.  The Court will construe Plaintiff's statement of abandonment as a voluntary dismissal under Rule 41(a) of the Federal Rules of Civil Procedure.  Rule 41(a) states that "the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." <u>See</u> Fed. R. Civ. P. 41(a)(1)(A)(i).  A voluntary dismissal under Rule 41(a) is without prejudice, unless the notice or stipulation states otherwise.  <u>See</u> Fed. R. Civ. P. 41(a)(1)(B).  The Court will therefore dismiss without prejudice Plaintiff's fourth and fifth causes of action for violations of TILA and RESPA.

B.  <u>State Law Claims</u>

The basis for removal to this Court was the presence of a federal question. However, the Court has dismissed Plaintiff's federal claims. When removal is based on the presence of a federal cause of action, a district court may remand the pendent or supplemental state law claims to the state court once the federal claims have been eliminated. <u>See</u> <u>Sever v. Alaska Pulp Co.</u>,

4

978 F.2d 1529, 1539 (9th Cir. 1992).  In fact, "it is generally preferable for a district court to remand remaining pendent claims to state court."  Harrell v. 20th Century Ins. Co., 934 F.2d 203, 205 (9th Cir. 1991).  All federal claims have been resolved and only state law claims remain. The Court will therefore remand the remaining state law claims to the Stanislaus County Superior Court.

Because Plaintiff has abandoned his federal claims, and the Court declines to exercise supplemental jurisdiction over the remaining state law claims, the Court expresses no opinion on Defendants' motion to dismiss.

**CONCLUSION AND ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's federal claims are DISMISSED;

2. The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims and therefore issues no opinion with respect to Defendants' motion to dismiss;

3. Plaintiff's motion for attorney's fees and costs is DENIED;

4. The Clerk shall immediately REMAND this case to the Stanislaus County Superior Court.

IT IS SO ORDERED.

Dated:   April 3, 2012

CHIEF UNITED STATES DISTRICT JUDGE

5